UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 19, 2014

LETTER TO COUNSEL:

RE:   *Lashonda Marie Edwards v. Commissioner, Social Security Administration*;
      Civil No. SAG-13-2543

Dear Counsel:

On September 3, 2013, the Plaintiff, Lashonda Edwards, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Ms. Edwards's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Edwards protectively filed for Disability Insurance Benefits ("DIB") on September 13, 2010. (Tr. 16, 135-36). She later filed for Supplemental Security Income ("SSI") on October 5, 2010. (Tr. 53). On both applications, she alleged disability since her birth on August 16, 1982, but later amended the alleged disability onset date to January 23, 2010. (Tr. 135-36, 152). Her SSI claim was denied on the application date because she was receiving unemployment insurance income. (Tr. 53). Her DIB claim was denied initially on February 10, 2011, and on reconsideration on May 26, 2011. (Tr. 72-76, 84-85). A hearing was held on June 15, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 27-52). Following the hearing, on July 25, 2012, the ALJ determined that Ms. Edwards was not disabled under the law during the relevant time frame. (Tr. 16-26). The Appeals Council ("AC") denied Ms. Edwards's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Edwards suffered from the severe impairments of sickle cell trait and depression. (Tr. 19). Despite these impairments, the ALJ determined that Ms. Edwards retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she requires a sit/stand option, allowing her to alternate between a sitting and standing position at least every hour. In addition, she can occasionally use ramps and climb stairs, but can never climb ladders, ropes or scaffolds. The claimant should avoid hazards, including moving machinery and unprotected heights. Further, the claimant is limited to simple, routine, and repetitive tasks; and requires a low stress job, defined as having only occasional decision-making and occasional changes in the work setting.

*Lashonda Marie Edwards v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2543
May 19, 2014
Page 2

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Edwards could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 25-26).

Ms. Edwards presents two arguments on appeal. She argues that: 1) the AC erred in declining to consider all of the new evidence she submitted; and 2) that the hypothetical presented to the VE, and therefore, the RFC assessment, were not based on substantial evidence. Both arguments lack merit.

First, Ms. Edwards contends that the AC erroneously declined to consider post-hearing evidence. Pl. Mot. 5-6. The AC is required to consider additional evidence submitted by a claimant only where it is (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(b); 416.1470(b). Evidence is new where "it is not duplicative or cumulative[,]" and is material where there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc)). Moreover, "[m]aterial evidence is evidence that relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition." *Eidoen v. Apfel*, 221 F.3d 1342 (8th Cir. 2000). Ms. Edwards presented additional evidence to the AC, including records from Jai Medical Center dated May 25, 2011 to June 30, 2012, and records from Northwest Hospital Center dated June 29, 2012 to July 2, 2012, which were incorporated into the record. (Tr. 5). The AC refused to accept into the record additional newly submitted evidence because it pertained to a time subsequent to the July 25, 2012 ALJ decision. *See* (Tr. 2) (declining to consider records from Northwest Hospital Center dated October 19, 2012 to April 23, 2013 and a November 29, 2012 mental assessment from Dr. Ikwunga Wonodi). Contrary to Ms. Edwards's contention that the AC made a "stunningly arbitrary" decision that evidence of sickle cell crises after July 25, 2012 was not new and material, the AC appropriately followed the law. Further, a claimant meets Listing 7.05B where the claimant requires "extended hospitalization (beyond emergency care) at least three times during the 12 months prior to adjudication[.]" 20 C.F.R. Part 404, Subpart P, App. 1, § 7.05B. For the twelve months prior to the ALJ hearing on June 15, 2012,[1] Ms. Edwards submitted evidence containing a bare statement that she was hospitalized in January, 2012, but adduced no records from the actual hospitalization that document its duration or provide further detail. *See* (Tr. 396) (January 13, 2012 treatment note indicating "[p]t was seen here several days ago for sickle crisis."). The claimant bears the burden of presenting evidence that demonstrates his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). The records that the AC accepted into the record show one additional hospitalization, in which Ms. Edwards was admitted on June 30, 2012 and discharged on July 3, 2012. (Tr. 433-84). However, even if I were to consider "adjudication" to mean the date of the ALJ's decision, and thus find that this episode establishes one "extended hospitalization (beyond emergency care)[,]" Ms. Edwards has failed to

---

[1] The record also contains evidence of hospitalizations in October 2006, (Tr. 286-99), and May 2011, (Tr. 341-67), but both fall outside of the relevant twelve-month window.

demonstrate that she meets Listing 7.05B's requirement of *three* such hospitalizations in the year preceding adjudication.

Ms. Edwards also argues that a mental residual functional capacity form filled out by Dr. Wonodi and submitted to the AC was new, material, and related to the period on or before the ALJ hearing decision. Pl. Mot. 3-4, 5-6. "[T]he regulatory scheme does not require the [AC] to do anything more than . . . 'consider new and material evidence ... in deciding whether to grant review.'" *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation where it denies review. *Id.* The AC decision specified that it had considered Dr. Wonodi's mental assessment, but found that pertained to "a later time." Tr. 2. Although Ms. Edwards did not provide this Court with Dr. Wonodi's form, I find, based on the one treatment note from Dr. Wonodi, no reason to overturn the AC's decision that the assessment did not constitute new and material evidence. Ms. Edwards visited Dr. Wonodi for the first time on May 29, 2012, a few weeks before the ALJ's hearing. (Tr. 402-04). Dr. Wonodi noted that Ms. Edwards had "no previous history of psychiatric diagnosis or treatment" and that her primary care physician initiated treatment with Alprazolam for anxiety attacks just one week prior to her visit to Dr. Wonodi. (Tr. 402). In light of the moderate findings Dr. Wonodi detailed in his single visit with Ms. Edwards before the ALJ's hearing, any opinion that he offered endorsing severe psychiatric limitations for the period preceding the hearing was unlikely to be afforded significant weight. On the other hand, if Dr. Wonodi's opinion pertained to Ms. Edwards's condition after the hearing, the AC properly declined to enter it into the record. Either way, the AC's finding that the opinion was not material was appropriate.[2]

Second, Ms. Edwards alleges that the RFC assessment, and thus the hypothetical posed to the VE, were not supported by the medical opinions in the record. At the time of the initial and reconsideration decisions, Ms. Edwards was found not disabled. The ALJ assigned "little weight" to Karen Sarpolis's decision at the reconsideration level, because the ALJ found Ms. Edwards had a greater level of impairment than did Dr. Sarpolis. (Tr. 23). The ALJ also noted that she assigned no weight to the initial disability decision. (Tr. 24). The ALJ was not required to give significant weight to either determination, so no error lies in the weight afforded to those decisions.[3] SSR 06-03P, 2006 WL 2329939, at *6-7 (Aug. 9, 2006) ("Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies . . . However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases[.]"). Likewise, I find no error in the ALJ's assignment of weight to the findings of consultative examiner Dr. Anuradha Reddy. (Tr.

---

[2] Dr. Wonodi's limited relationship with Ms. Edwards is not analogous to that of the treating physician in *Meyer*, 662 F.3d 700, whose post-hearing opinion served as the basis for remand. There, the treating source performed the plaintiff's back surgery, observed his post-operative progress over a number of months, and made referrals for physical therapy and pain management. *Meyer*, 662 F.3d at 705 n.1.

[3] Because both decision makers found Ms. Edwards not disabled, an assignment of greater weight to those opinions would not have altered the ultimate outcome in this case.

321-38). The ALJ assigned "great weight" to Dr. Reddy's impression that Ms. Edwards did not display symptoms that would preclude her from work. (Tr. 23). However, she assigned less weight to Dr. Reddy's statement that Ms. Edwards required constant medication and pain management because it appeared to be based on Ms. Edwards's self-reports, rather than objective evidence. *Id.*. Ms. Edwards also contends that the ALJ had "no support" for the mental limitations included in the RFC assessment and hypothetical, because of Dr. Wonodi's post-hearing opinion. As discussed above, that opinion was properly found not material to the period of alleged disability under consideration here, and therefore would not have been appropriate support for more restrictive mental limitations in the RFC assessment. Remand therefore is unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge